MURPHY, Circuit Judge,
concurring:
I join the majority opinion and specifically agree the district court did not commit clear error in concluding the victim’s injuries rose to the level between serious bodily injury and life threatening injury. For clarification, however, I note, in addition, that the record leaves no doubt Warrior’s assaultive conduct was the proximate cause of the victim’s injuries. Thus, it is unnecessary to address whether common law principles of proximate causation and reasonable foreseeability are at all relevant to the sentencing enhancements set out in U.S.S.G. § 2A2.2(b)(3). It is likewise unnecessary to determine whether it is error for a district court to rely solely on the manner in which an assault is perpetrated in determining the extent of a victim’s injuries. See United States v. Spinelli, 352 F.3d 48, 57 (2d Cir.2003) (holding nature of assault (drive by shooting), standing alone, could not convert otherwise minimal injuries to life threatening bodily injury). The record in this case contains abundant evidence indicating the victim suffered near life threatening injuries. Furthermore, the district court noted the egregious nature of Warrior’s assaultive conduct only as an alternative afterthought, having already factually resolved the extent of the victim’s injuries. With these additional observations, I fully join the majority opinion.